UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEGGS, Individually,<br><br>                      Plaintiff,<br><br>v.<br><br>1250 NORTH SD, LLC, a Foreign Limited Liability Company,<br><br>                      Defendant. | Case No.: 3:19-cv-1720-GPC-BGS<br><br>**ORDER GRANTING DEFENDANT'S COUNSEL'S REQUEST TO WITHDRAW**<br><br>**(ECF No. 13)** |

On February 10, 2020, Defendant 1250 North SD, LLC's counsel, the law firm of Jackson DeMarco and its attorneys, filed a motion seeking to withdraw. (ECF No. 13.) For the following reasons, the Court GRANTS Defendant's counsel's motion.

**I.    Background**

Attached with the February 10, 2020 motion to withdraw as counsel, Defendant has included a sworn declaration signed at Attorney M. Alim Malik. (ECF No. 13-1, Malik Decl.) Mr. Malik avers that, on February 4, 2020, he was "informed that the ownership/membership interests in 1250 North had changed such that the individuals from whom [he and his associate, Ms. Brittany Ortiz] had been receiving instructions

1

were no longer able to provide those instructions due to a change in ownership and control." (*Id.* at ¶ 4.)

In response, Mr. Malik contacted Mr. Robert Perelman of Ladder Capital, LLC, an organization now allegedly in "managerial control" of Defendant. (*Id.* at ¶ 6.) Mr. Malik "informed Ladder that due to a potential conflict of interest, [Malik] and [his] firm are unable to continue as counsel of record." (*Id.* at ¶¶ 4, 6.) Mr. Malik expects that Ladder will be selecting new counsel on behalf of Defendant in the "near future." (*Id.* at ¶ 8.) Mr. Malik also spoke with Plaintiff's counsel, Mr. Donald MacKay, who does not object to the withdrawal of Defendant's counsel. (*Id.* at ¶¶ 9–11.)

## II. Legal Standard

An attorney may not withdraw as counsel except by leave of court, *Kassab v. San Diego Police Dep't*, No. 07-CV-1071-WQH, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008), and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). Additionally, under local rules, an attorney must serve notice of its motion to withdraw on the adverse party as well as on the moving party's client with a declaration of service. Civ. LR. 83.3(f)(3).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-CV-2540-IEG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013) (quoting *Leatt Corp. v. Innovative Safety Technology, LLC*, 2010 WL 444708, at * 1 (S.D. Cal. Feb.2, 2010). There is no danger of prejudice where a "case is still in its infancy," "there are no immediately scheduled hearings," and the opposing party receives "notice of [counsel's] intent to withdraw." *Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). In addition, the local rules of this district incorporate "the

2

standards of professional conduct required by members of the State bar of California," Civ. LR. 83.4(b), which in turn state that counsel is not to withdraw without taking "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel." *Skazzi3 Capital Ltd. v. Pathway Genomics Corp.*, No. 3:18-CV-00317-BEN, 2019 WL 6878871, at *1 (S.D. Cal. Dec. 17, 2019) (quoting Cal. R. of Prof. Conduct 3-700(A)(2)).

The balance of these factors changes, in part, with respect to corporate Defendants as only "natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice." Civ. LR. 83.3(k); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona.")

### III. Analysis

Here, Defendant has presented adequate reason to discharge counsel, namely, the existence of a potential conflict of interest. (ECF No. 13 at 2; ECF No. 13-1, Malik Decl. at ¶ 7.) Counsel, moreover, has obtained the permission of Defendant and their new ownership. (ECF No. 13-1, Malik Decl. at ¶¶ 6–8.) Counsel has also provided adequate notice of his withdrawal to Plaintiff through a phone conversation and the instant motion and has obtained Plaintiff's consent to withdraw. (*Id.* at ¶¶ 9–11.) Lastly, on February 18, 2020, Lindsay L. Ryan of the firm of Polsinelli LLP entered an appearance as substitute counsel for Defendant. (ECF No. 15.) Thus, the Court finds that counsel's withdrawal

3

will not unduly prejudice or delay the instant litigation, and results from a permissible reason. *See Garrett*, 2013 WL 163420, at *2.

The Court thus **GRANTS** the instant motion.

## IV. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Defendant counsel's motion to withdraw is **GRANTED**;
2. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Mr. M. Alik Malik and his law firm as counsel for Defendant 1250 North SD, LLC;
3. The Clerk of Court **SHALL** update the docket to reflect the general appearance of Polsinelli LLP as counsel of record for the Defendant; and
4. Defendant's Counsel, Mr. M Alim Malik, **SHALL** immediately serve all parties with a copy of this Order and then file a proof of service to confirm service.

**IT IS SO ORDERED.**

Dated: February 19, 2020

Hon. Gonzalo P. Curiel
United States District Judge